# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DARREN BARBER                                                                    PLAINTIFF
ADC #164966

V.                          No. 3:20CV00336-KGB-JTR

CLINTON BAKER, Lieutenant, Grimes
Unit; GARY MUSSELWHITE, Warden;
and DEXTER PAYNE, Director                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Plaintiff Darren Barber ("Barber") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*.

Before Barber may proceed with this action, the Court is required to screen his pleadings and dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676; *see also Turner v. Mull,* 784 F.3d 485, 493-94 (8th Cir. 2015) ("This court has made clear that '[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.'").

## II. Discussion

In his Complaint, Barber alleges that Defendants Lieutenant Clinton Baker ("Baker"), Warden Gary Musselwhite ("Musselwhite"), and ADC Director Dexter Payne ("Payne") failed to conduct a thorough investigation of his allegation that he was raped on February 19, 2020, as required under the Prison Rape Elimination Act

2

("PREA"). According to Barber, this caused "emotional and psychological upset" and a "feeling of unsafe." *Doc. 2 at 4-5*. Barber names Defendants in their individual and official capacities, and he seeks monetary damages. *Id. at 4-5, 7.*

In support of this vague claim, Barber attaches portions of a grievance he filed, after the February 19 incident, in which he stated that he woke up at approximately 3:00 a.m. with "intense burning and throbbing in his rectum," leading him to believe he had been raped. According to the grievance, Barber told Defendant Baker and other non-party officers that he must have been raped while he was "knocked out" or it "might have been a mental-spiritual attack," and that they refused to investigate. "The warden" (presumably Defendant Musselwhite) denied Barber's grievance because he was "not specific and refused to go into any detail about what was going on" when reporting the matter to Baker. However, Barber's sexual assault claim was forwarded to a non-party "PREA Compliance Manager," who investigated and found that Barber's allegations "were not substantiated." *Id. at 8-9.*

Barber's § 1983 Complaint makes no specific allegations against Defendant Payne, and he does not appear to have been a decision-maker in the grievance process.

The PREA authorizes the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes. *See* 34 U.S.C. §§ 30301-30309. It does not authorize or create a private

right of action. *See Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017) ("Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (finding that PREA does not afford a private right of action); *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. 2016). Furthermore, it is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having … prison officials follow prison regulations"); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy").

Thus, as a matter of law, Defendants' alleged failure to follow the PREA or ADC policy and procedures does not provide a sufficient basis for Barber to claim that they violated his constitutional rights.

In addition, Barber does not have a statutory or constitutional right to an internal investigation of his complaint of sexual assault. *See Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."); *see also Hendrickson v. Schuster,* 2018 WL

1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations).

Finally, even if any of the Defendants refused to investigate his sexual assault complaint, Barber's grievance documents make it clear that a non-party "PREA Compliance Manager" later investigated his allegations and found them to be unsubstantiated. Any emotional distress Barber may have experienced in the interim is insufficient to support a viable § 1983 claim. *See* 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought" by a prisoner "for mental or emotional injury … without a prior showing of physical injury"); *McAdoo v. Martin,* 899 F.3d 521, 525 (8th Cir. 2018) (under § 1997e(e), a prisoner must allege and prove "more than mental or emotional injury" and a *physical injury* that is "more than … de minimis"); *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation.") (emphasis added).

Accepting all of Barber's allegations as true, the Court concludes that his Complaint fails to state a viable constitutional claim. Accordingly, this action should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Barber's Complaint (*Doc. 2*) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 3rd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE